I reluctantly concur with the majority and I concur only to the extent that upon remand, the trial court should address the expert testimony advanced by the appellant. I would affirm the trial court's findings that appellant is a sexual predator were it not for the trial court's lack of attention to the psychological evidence. The trial court may have implicitly ignored the psychological evidence, but we cannot assume what took place regarding this aspect of the case. The record does indeed reveal some inherent problems with the psychological evidence presented by appellant. However, the trial court should have taken this evidence into account when rendering its decision. Such evidence, like any other evidence, could be totally rejected, rejected in part or fully accepted. Since there is no reference to the psychological evidence in the trial court's decision, I agree the issue should be revisited by the trial court.
I do not agree with the majority that an off-hand remark by the trial court referenced in the majority opinion was a "factor" considered by the trial court in making the determination that appellant is a sexual predator. The remark of the trial judge, while understandable in the context of predator cases, was not a factor leading to the court's decision. The remark, seized upon by the majority, followed reasons given for the court's determination of appellant's sexual predator status. It was not a factor in reaching the court's decision and should not be used as a basis for reversible error. I otherwise concur with the majority.